J-S39037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDALL D. BROOKS | : | |
| | : | |
| Appellant | : | No. 1499 MDA 2017 |

Appeal from the Judgment of Sentence December 6, 2016
in the Court of Common Pleas of Centre County,
Criminal Division at No(s):  CP-14-CR-0000141-2012,
CP-14-CR-0000568-2011, CP-14-CR-0001515-2011,
CP-14-CR-0001927-2010, CP-14-CR-0002130-2010

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED AUGUST 31, 2018**

Randall D. Brooks ("Brooks") appeals from the judgment of sentence imposed following his conviction of five counts of witness intimidation; two counts each of aggravated assault, stalking, harassment, and solicitation to commit evidence tampering; and one count each of solicitation to commit perjury, attempted murder, possessing an instrument of crime ("PIC"), recklessly endangering another person, aggravated jury tampering, and conspiracy to commit aggravated jury tampering.[1]  We dismiss the appeal.

In November 2009, Brooks and Jessica Rooney ("Rooney") ended their romantic relationship.  Rooney subsequently began dating Matthew Ross

---

[1] 18 Pa.C.S.A. §§ 4952, 2702, 2709.1, 2709, 902 (4910), 902 (4902), 901 (2501), 907, 2705, 4583.1, 903.

("Ross"), who worked next door to the auto repair business where Brooks was employed. From December 2009 through early 2010, Brooks harassed and stalked Rooney and Ross. Ultimately, while following Ross's vehicle, Brooks fired several shots into Ross's vehicle, with one bullet striking Ross in the arm. As a result of his gunshot wound, Ross continues to have medical issues, including the limited use of his left arm. Brooks later confessed to Rooney that he had shot Ross. After the shooting, Brooks continued to harass Rooney, approaching her in public, leaving notes, and subsequently writing letters to Rooney from prison.

The matter proceeded to trial. Following jury selection, Brooks returned to jail and spoke with fellow inmate Joshua Dunlap ("Dunlap"). Aware that Dunlap personally knew juror Brent Kephart ("Kephart"), Brooks asked Dunlap to contact Kephart to discuss Brooks's case, upon Dunlap's release on bail. On the morning of Dunlap's release, Brooks told Dunlap that he and Kephart would receive financial compensation if they complied with Brooks's wishes. Brooks additionally requested that his father alter evidence in the case.

Following a jury trial, Brooks was convicted of the above-described charges. The Commonwealth filed a Motion to modify Brooks's sentence, and Brooks filed a post-sentence Motion. On August 14, 2012, the trial court granted modification of the sentence, ultimately sentencing Brooks to an aggregate prison term of 35 to 73 years in prison, which included a sentence of 20-40 years for Brooks's conviction of attempted murder causing serious

bodily injury.[2]   Thereafter, the trial court denied Brooks's post-sentence Motion.

Brooks filed a timely direct appeal, which was dismissed for failure to file an appellate brief.   Brooks timely filed a *pro se* Post Conviction Relief Act[3] Petition, seeking to reinstate his direct appeal rights.   Brooks retained private counsel, who filed an amended PCRA Petition.   On May 8, 2014, the PCRA court granted the Petition, and reinstated Brooks's direct appeal rights, *nunc pro tunc*.

On direct appeal, this Court vacated Brooks's judgment of sentence for attempted murder causing serious bodily injury,[4] holding that the sentence is illegal under **Commonwealth v. Conaway**, 105 A.3d 755, 761 (Pa. Super. 2014), and **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000).   **See Commonwealth v. Brooks**, 122 A.3d 1120 (Pa. Super. 2015) (unpublished memorandum at 22-23).   Specifically, this Court held that the maximum

---

[2] **See** 18 Pa.C.S.A. § 1102(c) (providing for a maximum sentence of 20 years where attempted murder does *not* result in serious bodily injury, and a maximum sentence of 40 years where attempted murder results in serious bodily injury).

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] Pursuant to the Crimes Code, a person convicted of attempted murder, where serious bodily injury results, may be sentenced to a prison term of not more than 40 years.  18 Pa.C.S.A. § 1102(c).  A person convicted of attempted murder where serious bodily injury does not result, may be sentenced to a prison term of not more than 20 years.  **Id.**

sentence of 40 years is illegal, "because the record fail[ed] to establish that the jury made the requisite serious bodily injury finding." *Id.* (unpublished memorandum at 25 (internal quotation marks omitted)). Further, "[a]s vacating [Brooks's] sentence for attempted murder may upset the overall sentencing scheme vis-à-vis [Brooks's] other convictions," the Court vacated Brooks's judgment of sentence in its entirety, and remanded for resentencing. *Id.* (unpublished memorandum at 26).

On remand, the trial court sentenced Brooks to an aggregate prison term of 28 to 56 years. Brooks filed post-sentence Motions challenging, *inter alia*, the improper grading of one count of stalking. The trial court granted the Motion, and, at a second sentencing hearing, the trial court imposed an aggregate prison term of 27 years and 3 months to 54 years and 6 months, followed by seven years of probation. Brooks filed a post-sentence Motion, which the trial court denied. Thereafter, Brooks filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Brooks presents the following claims for our review:

1) Did the [trial] court incorrectly apply an offense gravity score of 14[,] when the appropriate [offense] gravity score is 13 for the charge of attempted murder, which resulted in an improper recommendation and compromised the fundamental norms that underlie the sentencing process?

2) Did the [trial] court commit an error of law and abuse of discretion by sentencing [Brooks] to an excessive term of imprisonment by increasing the sentences on counts at the second and third resentencing hearings[,] following a remand

due to the imposition of an illegal sentence that contravened the fundamental norms of sentencing set forth in 42 Pa.C.S.A. § 9721(b)?

Brief for Appellant at 4.

Brooks's claims implicate the discretionary aspects of sentencing. *See Commonwealth v. Archer*, 722 A.2d 203, 210 (Pa. Super. 1998) (*en banc*) (recognizing that a challenge regarding the applicable offense gravity score implicates the discretionary aspects of a sentence); *See Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (recognizing that a claim that a sentence is manifestly excessive challenges discretionary aspects of sentencing). "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Here, Brooks timely filed a Notice of Appeal, and preserved his claims in a post-sentence Motion. Brooks's appellate brief, however, does not include a concise statement of reasons relied upon for allowance of appeal, as is required by Pa.R.A.P. 2119(f).

- 5 -

Rule 2119(f) provides, in relevant part, that

> [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f). An appellant cannot invoke this Court's jurisdiction unless he properly submits a Rule 2119(f) statement. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (holding that an appellant must include a Rule 2119(f) statement in his brief to invoke the appellate court's jurisdiction).

Here, Brooks's appellate brief does not include the separate statement of reasons relied upon for allowance of appeal, as required by Rule 2119(f). The Commonwealth has objected to the omission, asserting that the claims are waived. *See* Brief for the Commonwealth at 9. "Where an appellant fails to comply with Pa. R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004).

Because Brooks has not invoked this Court's jurisdiction over his challenges to the discretionary aspects of his sentence, his claims are waived. Consequently, we must dismiss his appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2018